**United States District Court**
**Western District of New York**
_____

| | |
|---|---|
| ) | |
| ) | |
| **United States of America** ) | |
| ) | |
| v. ) | **Docket No.: 1:14-CR-207-001 (RJA)** |
| ) | |
| **Eric Cusimano** ) | |
| ) | |
| _____ ) | |

### <u>SENTENCING MEMORANDUM OF ERIC CUSIMANO</u>

Defendant has previously filed his objections to the Presentence Investigation Report ("PSR") and his Statement With Respect to Sentencing Factors enumerated in 18 U.S.C. § 3553 to be considered by the Court in imposing the sentence in this case. The arguments presented therein urged the Court to reject the two-level enhancement for sophisticated means, to either depart downward or grant a variance from the Guidelines due to the overlapping nature of several of the enhancements applied in the PSR, to either depart downward or grant a variance from the Guidelines due to the extraordinary cooperation of Mr. Cusimano that goes beyond that for which the government is moving for a three-level downward departure, and to depart downward or grant a variance from the Guidelines to avoid an unwarranted sentence disparity with Donna Levy, a defendant in a related case.

Mr. Cusimano will not burden the Court by repeating the arguments set forth in his objections to the PSR and statement regarding sentencing factors. Instead, he will discuss issues relating to his cooperation, offer an analysis of the impact of the sentence of Donna Levy for the Court's consideration, suggest an appropriate downward departure or variance to adjust for the overlapping nature of several enhancements, expound on the central themes from the letters

attesting to Mr. Cusimano's character submitted in conjunction with this Memorandum, and bring to the Court's attention a proposed amendment to the Sentencing Guidelines relating to the sophisticated means enhancement.

**I.** ██████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

[REDACTED]

**II.    SENTENCING DISPARITY WITH DONNA LEVY**

As Mr. Cusimano noted in his Statement on Sentencing Factors, there is a defendant in a related case whose sentence is relevant to the Court's overall assessment of the appropriate punishment to be imposed in this case.  Mr. Cusimano does not mean to suggest that this Court is

---

[1] [REDACTED]

in any way bound by the actions of another court in the related case.  It is simply a factor to be considered pursuant to 18 U.S.C. § 3553(a)(1) and (a)(6).

The PSR in this case identifies the case of Donna Levy as a "related case."  Ms. Levy was the Promoter who recruited Defendant as a Touter for a number of the stocks involved in his case.  As a Promoter, she coordinated the activities of Mr. Cusimano, his co-conspirator Jamie Boye, and others.  Thus, Ms. Levy's culpability in the instant offense is greater than that of Mr. Cusimano.  As noted in the Statement of Sentencing Factors, Ms. Levy did not receive any reduction in her offense level for acceptance of responsibility or pursuant to a 5Kk motion by the government.  Despite this, Ms. Levy's offense level was set at exactly the same as that set by the government for Mr. Cusimano prior to the downward departure pursuant to the 5K motion, i.e., level 27.[2]

For purposes of reducing the sentencing disparity between Ms. Levy and Mr. Cusimano, it is respectfully submitted that it would be appropriate for this Court to consider setting Mr. Cusimano's offense level at something less than a level 27 prior to departing downward or granting a variance, because he is significantly less culpable than Ms. Levy.  At a minimum, it would be appropriate to set Mr. Cusimano's offense level at a level 26, prior to any reductions.

If the Court were to agree that reducing sentencing disparities in these highly related cases is appropriate, that would mean that Mr. Cusimano's offense level should then be reduced six levels simply in recognition of his three level adjustment for acceptance of responsibility and his three-level downward departure pursuant to the government's 5K motion—thus bringing him to a level 20.  Put simply, level 20 would put Mr. Cusimano at the same level as Ms. Levy had she pleaded guilty and cooperated.

---

[2] The Court ultimately sentenced Ms. Levy to 66 months, reducing her offense level by one in response to the many character testimonials submitted on her behalf.

███████████████████████████████████████████

██████████████████████████████████████████████

████████████

## III.    OVERLAPPING ENHANCEMENTS

As explained in the Statement on Sentencing Factors, the courts in the Second Circuit

have clearly held that the Court has the discretion to mitigate the effect of multiple overlapping

enhancements by granting a downward departure from the Guidelines.  Such a departure is

warranted when the overlapping nature of two or more sentencing enhancements under the

Guidelines "has a significant effect upon the applicable sentencing range."  *United States v.*

*Lauersen*, 343 F.3d 604, 618 (2d Cir. 2003); *see United States v. Jackson*, 346 F.3d 22, 26 (2d

Cir. 2003); *United States v. Sofsky*, 287 F.3d 122, 124 n.1 (2d Cir. 2002).

In this case, there is an enhancement of 16 levels due to the amount of the gain by Mr.

Cusimano.  An additional enhancement of 6 levels was added because there were more than 250

victims.  Given the direct correlation between the gain and the number of victims, there can be

no question but that these two enhancements substantially overlap.  In addition, there is

significant overlap between the number of victims (6 level enhancement) and sophisticated

means (2 level enhancement).  Therefore, Mr. Cusimano respectfully submits that the Court

should exercise its discretion to depart downward or grant a variance from the Guidelines by the

six level enhancement for the number of victims.

## IV.    SOPHISTICATED MEANS

The defense has objected to the application of the "sophisticated means" enhancement to

Mr. Cusimano.  After the defense submitted that objection, the United States Sentencing

Commission published a proposed amendment to the Sentencing Guidelines relating to

sophisticated means.  This proposed amendment provides additional support for the conclusion that Mr. Cusimano's offense did not involve "sophisticated means" and that, consequently, the enhancement should not be applied to increase Mr. Cusimano's punishment.

On April 9, 2015, the United States Sentencing Commission issued preliminary amendments to the Sentencing Guidelines.[3]  While these amendments are not final and would not become effective in any event until November 1, 2015, the proposed amendment and commentary shed light on an issue relating to the propriety of the application of the sophisticated means enhancement in this case.

The "Synopsis of Proposed Amendment" on sophisticated means explains that it is intended to limit the application of the enhancement "to cases in which the defendant intentionally engaged in or caused (rather than the offense involved) sophisticated means." (Proposed amendment is attached hereto as Exhibit 1).  The Sentencing Commission explained that the existing enhancement was being applied "without a determination of whether the defendant's own conduct was 'sophisticated.'"

The Objections filed by Mr. Cusimano to the application of the sophisticated means enhancement analyzed the scheme as explained in the PSR.  Integral to that analysis is the activities of the Promoter, other Touters, and Account Holders.  The proposed amendment will clarify that in situations such as in this case, the activities of these third-parties should not be used to justify the application of this enhancement.  Consequently, this Court should consider the proposed amendment as additional support for the defense's objection to the application of the "sophisticated means" enhancement to Mr. Cusimano.

---

[3] Available at: http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20150409_PRELIM_RF_Amendments.pdf (and copy attached).

**V.      LETTERS TO THE COURT**

Attached as Exhibit 2 are several letters to the Court from family members of Mr. Cusimano.  These letters describe the positive impact that Mr. Cusimano has made on those who know him best.  Most poignant are the observations about the impact of Mr. Cusimano's incarceration on his five-year-old son.  Mr. Cusimano is by all accounts an involved and loving father.  His absence has negatively impacted his son.  The sooner that Mr. Cusimano can be returned to his family, the less damage will be inflicted on his son.

While it is true that punishment that includes incarceration always visits terrible consequences on the offender's family and that those consequences are the direct result of the offender's choice to engage in criminal conduct, here there are numerous overlapping reasons for this Court to impose a sentence well below the guideline range set forth in the PSR.  Most significant of these reasons is Mr. Cusimano's extraordinary cooperation, which has demonstrated his exceptional acceptance of responsibility for his misconduct.  Mr. Cusimano should not receive a sentence consistent with the charts below because he has a five-year-old son; he should, however, get home sooner to help raise that son if this Court agrees that his efforts to undo the harm caused by his conduct – through his extraordinary cooperation – justify a sentence consistent with the charts below.

Stated another way, imposition of a sentence consistent with the charts below will not result in punishment "greater than necessary" in violation of 18 U.S.C. § 3553(a), because it will return him to his son after he will have served appropriate punishment for his crime.  Punishment that exceeds the charts below will keep him from the son who desperately needs him during his formative years while imposing punishment greater than necessary to serve the interests of the community.

## VI.    CONCLUSION

Mr. Cusimano offers the following charts for the Court's consideration in sentencing him.

The charts reflect various alternatives based upon the analysis presented by this Sentencing

Memorandum:

### A.    Alternative A

| | |
|---|---|
| Base Offense Level | 6 |
| Gain | 16 |
| 250 Victims | 6 |
| ---------------------------------------------------------------------- | |
| | 28 |
| | |
| Acceptance of Responsibility | - 2 |
| Acceptance of Responsibility | - 1 |
| Cooperation—5(k) | - 3 |
| ████████████████████ | ██ |
| Overlapping enhancement/victims | - 6 |
| ---------------------------------------------------------------------- | |
| Total | 13 |

### B.    Alternative B

| | |
|---|---|
| Base Offense Level | 6 |
| Gain | 16 |
| 250 Victims | 6 |
| Sophisticated Means | 2 |
| ---------------------------------------------------------------------- | |
| | 30 |
| | |
| Acceptance of Responsibility | - 2 |
| Acceptance of Responsibility | - 1 |
| Cooperation—5(k) | - 3 |
| ████████████████████ | ██ |
| Overlapping enhancement/victims | - 6 |
| ---------------------------------------------------------------------- | |
| Total | 15 |

**C.      Alternative C**

| | |
|---|---|
| Base Offense Level/Donna Levy disparity | 26 |

-------------------------------------------------------------------------------

| | |
|---|---|
| | 26 |

| | |
|---|---|
| Acceptance of Responsibility | - 2 |
| Acceptance of Responsibility | - 1 |
| Cooperation—5(k) | - 3 |
| ██████████████████ | █ |

-------------------------------------------------------------------------------

| | |
|---|---|
| Total | 17 |

Respectfully submitted,

Larry S. Gondelman
Powers Pyles Sutter & Verville, PC
1501 M Street, NW
Suite 700
Washington, DC  20005
202-872.6723


James W. Grable, Jr., Esq.
Connors & Vilardo, LLP
1000 Liberty Building
Buffalo, New York 14202
716-852-5533 (Phone) (ext. 234)

Attorneys for Eric Cusimano