AO 245B    (Rev. 09/11) Judgment in a Criminal Case                                                        DWB/pcd (419832)
        Sheet 1

# UNITED STATES DISTRICT COURT

Western District Of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | |
| Eric Cusimano | ) | Case Number: 1:14CR00207-001 |
| | ) | |
| | ) | USM Number: 80864-053 |
| | ) | |
| | ) | James W. Grable, Larry S. Gondelman |
| | | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1 & 2 of the Information

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §371 | Conspiracy to Commit Securities Fraud | 01/09/12 | 1 |
| 26 U.S.C. §7201 | Tax Evasion | 04/2012 | 2 |

FILED JUL 30 2015 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY

     The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                            ☐ is    ☐ are  dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 24, 2015
Date of Imposition of Judgment

*/s/ Richard J. Arcara*
Signature of Judge

Honorable Richard J. Arcara, Senior U.S. District Judge
Name and Title of Judge

July 29, 2015
Date

AO 245B     (Rev. 09/11) Judgment in Criminal Case                                              DWB/pcd (419832)
            Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT:     Eric Cusimano
CASE NUMBER:     1:14CR00207-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
46 months on Count 1 and 46 months on Count 2 with each count to run concurrent. The cost of incarceration fee is waived.

*Pursuant to 18:3664(n), if the defendant is obligated to provide restitution, or pay a fine is owed and he receives resources from any source, including inheritance, settlement (insurance lawsuit), or other judgment during a period of incarceration, he shall be required to apply the value of such resources to any outstanding fine or restitution.*

☒    The court makes the following recommendations to the Bureau of Prisons:
The Court recommends the defendant be designated to a facility as close to Austin, Texas as possible to be close to his wife and child.

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

       ☐   at _____ ☐ a.m. ☐ p.m. on _____ .

       ☐   as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

       ☐   before 2 p.m. on _____ .

       ☐   as notified by the United States Marshal.

       ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Eric Cusimano
CASE NUMBER: 1:14CR00207-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
three (3) years on Count 1` and 3 years on Count 2 with each count to run concurrent.

  The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

  If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

  The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case    DWB/pcd (419832)
         Sheet 3C — Supervised Release

Judgment—Page 4 of 6

DEFENDANT:      Eric Cusimano
CASE NUMBER:    1:14CR00207-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit to substance abuse testing, to include urinalysis and other testing. Details of such testing to be approved by the U.S. Probation Office. If substance abuse is indicated by testing, the defendant is to complete a drug/alcohol evaluation and enter into any treatment as deemed necessary by the U.S. Probation Office and/or the Court. The defendant is not to leave treatment until discharge is agreed to by the U.S. Probation Office and/or the Court. While in treatment and after discharge from treatment, the defendant is to abstain from the use of alcohol. The defendant is required to contribute to the cost of services rendered (co-payment in the amount to be determined by the U.S. Probation Office based on the ability to pay or availability of third party payment).

The defendant shall be prohibited from engaging in any form of self-employment involved in the business or field of investing, marketing or promoting investments and/or investment strategies, or providing investment services to others without the approval of the U.S. Probation Office.

The defendant shall submit to a search of his person, property, vehicle, place of residence or any other property under his control, based upon reasonable suspicion, and permit confiscation of any evidence or contraband discovered.

The defendant shall provide the U.S. Probation Office with access to any requested personal and/or business financial information. The U.S. Probation Office is authorized to release pre-sentence and post-sentence financial information submitted by the defendant to the U.S. Attorney's Office for use in the collection of any unpaid fine or restitution. If restitution or a fine is owed, the defendant shall notify the U.S. Probation Office of any assets received and shall not disburse his interest in any assets, including, but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings without the approval of the U.S. Probation Office.

While a restitution balance is outstanding, the defendant shall not incur any form of debt including, but not limited to, use of existing credit cards, new credit cards, lines of credit, mortgages or private loans without the approval of the U.S. Probation Office.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case            DWB/pcd (419832)
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 6

DEFENDANT: Eric Cusimano
CASE NUMBER: 1:14CR00207-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| TOTALS | $ 200      | $ 0  | $ 657,005   |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| IRS-RAC<br>Attn.<br>Mail Stop 6261, Restitution<br>333 W. Pershing Avenue<br>Kansas City, MO 64108<br>RE: Eric Cusimano | $657,005 | $657,005 | |
| **TOTALS** | $ 657,005 | $ 657,005 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for the    ☐ fine    ☒ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case                                                    DWB/pcd (419832)
            Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT: Eric Cusimano
CASE NUMBER: 1:14CR00207-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $_____ due immediately, balance due

      ☐ not later than _____, or
      ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☒ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay a special assessment of $100 on Count 1 and $100 on Count 2 for a total of $200, which shall be due immediately. If incarcerated, payment shall begin under the Bureau of Prisons Inmate Financial Responsibility Program. Payments shall be made to the Clerk, U.S. District Court (WD/NY), 2 Niagara Square, Buffalo, New York 14202.

Pursuant to 18 U.S.C. §3663(a), it is ordered that the defendant make restitution to the Internal Revenue Service in the amount of $657,005. The restitution is due immediately. Interest on the restitution is waived. While incarcerated, if the defendant is non-UNICOR or UNICOR grade 5, the defendant shall pay installments of $25 per quarter. If assigned grades 1 through 4 in UNICOR, the defendant shall pay installments of 50% of the inmate's monthly pay. After considering the factors set forth in 18 U.S.C. §3664(f)(2), while on supervision, the defendant shall make monthly payments at the rate of 10% of monthly gross income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit his interest in the property identified in Section IX of the Plea Agreement: to include the monetary judgment in the amount of $1,218,783 issued by the Court against the defendant and the various articles of jewelry, a 2011 26 foot Pontoon Boat, the real property at 948 Warren Road, Frewsburg, New York, and 171 Chautauqua Avenue in Lakewood, New York, and the amounts from the financial accounts as noted, all of which are referenced in the Preliminary Order of Forfeiture, issued on December 18, 2014, to the United States.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.